**SO ORDERED.**

**SIGNED this 09 day of November, 2006.**

_____
**A. Thomas Small
United States Bankruptcy Judge**

_____

```
          UNITED STATES BANKRUPTCY COURT
          EASTERN DISTRICT OF NORTH CAROLINA
                 FAYETTEVILLE DIVISION
```

| | |
|---|---|
| IN RE: | CASE NO. |
| CEDAR CREEK FIBERS, LLC | 03-00838-8-ATS |
|     DEBTOR | |
| SHAWNA Y. STATON, TRUSTEE | ADVERSARY PROCEEDING NO. |
|     Plaintiff | S-05-00027-8-AP |
|     v. | |
| WELLMAN, INC. | |
|     Defendant. | |

**ORDER ALLOWING MOTION TO AMEND COMPLAINT**

The matter before the court is the motion filed by Shawna Y. Staton, chapter 7 trustee for the estate of Cedar Creek Fibers, LLC, to amend the complaint. A hearing took place in Raleigh, North Carolina on November 8, 2006.

Cedar Creek Fibers, LLC filed a petition for relief under chapter 7 of the Bankruptcy Code on January 29, 2003, and Ms. Staton

was appointed trustee.  On January 26, 2005, Ms. Staton filed the complaint in this adversary proceeding pursuant to 11 U.S.C. §§ 547, 548 and 550 seeking to avoid and to recover preferential transfers and fraudulent transfers made to the defendant, Wellman, Inc., within one year prior to the petition date in the amount of $3,736,404.84.  Having learned of additional payments made to Wellman made within the ninety days prior to the bankruptcy petition, the trustee now seeks to amend her complaint to recover an additional four checks totaling $335,000.  Wellman opposes the amendment, contending that the amendment would be futile because the statute of limitations to recover these payments has expired.

Amendments to complaints are liberally allowed unless the amendment would be prejudicial to the defendant, the amendment is proposed in bad faith, or the amendment would be futile.  While it is true that an amendment would be futile if the statute of limitations had clearly expired, it is not clear on the face of the complaint or from the arguments presented that the allegations related to the checks in question would not relate back to the date of the original complaint.

The original complaint seeks recovery of a large number of payments made in the course of a contract between the debtor and Wellman for the purchase of goods.  A summary of the transactions presented by Wellman showed that while the four checks in question may

2

have differed slightly in nature (they appear to be prepayments, rather than payments pursuant to invoices received), it looks as though they are part of the same series of transactions as those in the original complaint.  If that is the case, then the amendment would relate back. See Brandt v. Gerardo (In re Gerardo Leasing, Inc.), 173 B.R. 379, 389 (Bankr. N.D. Ill. 1994) (preferential "claims concerning an additional transaction should relate back if the newly pleaded transaction is not materially different in kind from that originally alleged and if the original pleading put into issue conduct to which the additional transactions relate.").  Of course, if Wellman can establish at trial that they are not substantially the same, the court can reconsider whether the amendment should relate back.

Finally, the amendment is not prejudicial to Wellman.  It was on notice that the trustee sought recovery of payments made during the year prior to the debtor's filing, and Wellman had records of the payments received.  It was clearly on notice that the trustee might discover these additional checks and seek their recovery as well.

Based on the foregoing, the motion to amend the complaint is **ALLOWED**.

**SO ORDERED.**

**END OF DOCUMENT**